John Ryan Gustafson (SBN 220802)
Adam C. Nicolai (SBN 289290)
**GUSTAFSON NICOLAI pc**
222 N. Sepulveda Blvd., Suite 2000
El Segundo, CA 90245
T: (310) 361-0787
F: (310) 846-8938
E: JRG@gnlawpc.com; ACN@gnlawpc.com

Attorneys for **Plaintiff,
Leah Roscoe**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEAH ROSCOE,** an individual, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**SIMM ASSOCIATES, INC.**, a Delaware Corporation,<br><br>*Defendant.* | **Case No.:**<br><br>**Class Action Complaint for:**<br><br>**1. Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq*.)**<br><br>**JURY TRIAL DEMANDED** |

/ / /

/ / /

/ / /

1
**CLASS ACTION COMPLAINT AGAINST SIMM ASSOCIATES, INC.**

# CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff LEAH ROSCOE (hereinafter referred to as "Ms. ROSCOE" or "Plaintiff"), by and through her undersigned counsel, and for her complaint and jury demand against the above-named defendant states as follows:

## STATEMENT OF PARTIES

1. Plaintiff LEAH ROSCOE is a natural person, citizen and resident of the State of California, currently residing in El Segundo, Los Angeles County, California, and who at all times relevant hereto resided in Los Angeles County, California.

2. Ms. ROSCOE is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(3).

3. Defendant SIMM ASSOCIATES, INC. (hereinafter referred to as "SAI" or "Defendant" or its proper name) is, upon information and belief, a Delaware corporation with a principal place of business at 800 Pencader Drive, Newark, Delaware 19702.

4. Defendant SAI is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because SAI regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Central District of California.

5. On or about February 23, 2004, Defendant SAI registered to transact business in the State of California and described the purpose of its business in California as "debt collection".

6. Defendant SAI operates throughout the United States as a debt collector with the business purpose of debt collection.

7. Defendant SAI describes itself as "a full service nationally licensed ARM and BPO company providing collection solutions and customer engagement to the student lending, consumer lending, credit/retail card, healthcare, auto finance, credit union and debt buying industries. SIMM also provides best in class deceased care solutions that encompass decedent verification, estate location scrub, proprietary Probate Tracker SM claim filing process and an empathetic survivor recovery solution all performed with brand sensitivity and regulatory compliance in mind. SIMM has passed the US Department of Education's stringent requirements and currently is a subcontractor for the existing Private Collection Agency contract. Its headquarters is located in Delaware in a 32,000-sq. ft. state of the art call center. SIMM holds the following certifications: PCI Level 1, ISO 27002 and SSAE16 Type II. SIMM services customers throughout the united States including Puerto Rico."[1]

## JURISDICTION AND VENUE

8. This is a class action brought under the FDCPA, 15 U.S.C. § 1692, *et seq.*, for violations of the FDCPA, which prohibits Defendant SAI and other debt collectors and consumer collection agencies from contacting a "consumer", such as Ms. ROSCOE, once that consumer has retained an attorney or law firm to represent him or her in connection with the debt collectors' and consumer collection agencies' debt collection efforts against that consumer, and has provided written notice to the debt collector/consumer collection agency that that attorney or law firm indeed represents said consumer in connection with said debt collector/consumer collection agency's debt collection efforts against said consumer.

---

[1] https://www.simmassociates.com/better-business-bureau-accreditation/

9. Plaintiff has standing to bring a claim under the FDCPA because she was directly affected by violations of the FDCPA by Defendant SAI, was subjected to Defendant's illegal and improper debt collection activities, and suffered injury in fact as a direct consequence of Defendant's illegal and improper debt collection activities, in the form of unlawful direct contacts by Defendant SAI with Plaintiff subsequent to Plaintiff's retained legal counsel giving written notice to Defendant SAI that it represented Plaintiff in connection with Defendant SAI's debt collection activities vis-à-vis Plaintiff, and that SAI must cease communicating directly with Ms. ROSCOE and direct further communications to Ms. ROSCOE's legal counsel.

10. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that there are federal questions for claims brought pursuant to 15 U.S.C. § 1692, *et seq*. Moreover, pursuant to 15 U.S.C. § 1692k(d), any action to enforce any liability created by the FDCPA "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

11. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff Ms. ROSCOE resides in this judicial district and the conduct complained of occurred in this district.

**GENERAL ALLEGATIONS**

12. Defendant SAI is not in the business of extending credit, selling goods or services to consumers.

13. Defendant SAI regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

**CLASS ACTION COMPLAINT AGAINST SIMM ASSOCIATES, INC.**

14. Defendant is in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

15. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

16. Defendant is engaged in the collection business.

17. In or about the middle of February, 2017, Plaintiff Ms. ROSCOE received a letter from Defendant SAI, which stated, in pertinent part, as follows:

> February 13, 2017
>
> OUR CLIENT:        NATIONAL COLLEGIATE STUDENT
>                    LOAN TRUST 2006-3
> ORIGINAL LENDER:   BANK OF AMERICA
> FOR:               BALANCE: $20,755.62
>                    ACCOUNT #: _____2-002-PHEA
>                    [REDACTED]
>
> Dear Leah Roscoe,
>
> Your account has been forwarded to this office for collections. This is a formal demand upon you for your payment of this debt. This is an important matter, which needs to be resolved, and requires your attention. . . .

[The "February 13, 2017 Letter." A complete copy of the February 13, 2017 Letter is attached to this Complaint as Exhibit 1.]

18. On or about March 10, 2017, Ms. ROSCOE retained Adam C. Nicolai, Esq., of Gustafson Nicolai pc, to represent her in connection with the February 13, 2017 Letter. Mr. Nicolai, counsel for Ms. ROSCOE, contacted

Defendant SAI by telephone and spoke with Farrah Ali, a representative of Defendant SAI. Mr. Nicolai informed Ms. Ali that Ms. ROSCOE had forwarded the February 13, 2017 letter to Mr. Nicolai and had retained him and Gustafson Nicolai pc to represent her in connection with the February 13, 2017 Letter and any debt collection efforts by Defendant SAI against Ms. ROSCOE. Mr. Nicolai further demanded that Defendant SAI and any of its representatives or agents immediately cease and desist any direct communication with Ms. ROSCOE, and instead direct any further communications concerning the matter to Mr. Nicolai or his law firm directly. Ms. Ali requested that Mr. Nicolai send an email addressed to "adelaidam@simmassociates.com" reflecting his representation of Ms. ROSCOE and his demand that Defendant SAI cease and desist contacting Ms. ROSCOE directly and address any further communications regarding Ms. ROSCOE to Mr. Nicolai and his law firm. Mr. Nicolai promptly obliged. (A true and correct copy of Mr. Nicolai's March 10, 2017 email to Defendant SAI confirming in writing his telephone conversation with Ms. Ali and his representation of Ms. ROSCOE is attached to this Complaint as Exhibit 2.)

19. ***Subsequent to*** Mr. Nicolai's March 10, 2017 email to Simm Associates, representatives of Defendant SAI, including Ms. Ali herself, proceeded to contact Ms. ROSCOE *directly* by telephone and leave voicemail messages for Ms. ROSCOE in attempts to collect alleged debts owed by Ms. ROSCOE. These phone calls/voicemail messages occurred on no less than four (4) occasions after Mr. Nicolai's March 10, 2017 email. They took place on or about April 25, 2017, May 1, 2017, May 4, 2017, and July 10, 2017.

(True and correct copies of pertinent screenshots, recordings, and other relevant documents related to these telephone calls and voicemails from Defendant Simm Associates to Ms. ROSCOE directly, and subsequent to Mr. Nicolai's March 10, 2017 email, are on the flash drive attached to this Complaint as Exhibit 3. See

also, Plaintiff Leah Roscoe's Notice of Lodging of the flash drive containing the documents and recordings comprising Exhibit 3 to Ms. ROSCOE's Class Action Complaint, submitted concurrently herewith.)

## CLASS ALLEGATIONS

20. It is or was Defendant's routine policy and practice to engage in, or, alternatively, Defendant intentionally, negligently, or recklessly, engaged in, the type of conduct described in Paragraphs 12-19, above.

21. Plaintiff is informed, and believes, and therefore alleges that Defendant's collection communications are designed to drive and intimidate least sophisticated consumers, such as Plaintiff, into making payments to Defendant.

22. Plaintiff LEAH ROSCOE asserts her FDCPA claims pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated, and defined as the following Class:

*All individuals throughout the United States who have had a collection account with Simm Associates, Inc. ("Simm Debtors"), and whom Simm Associates, Inc. contacted directly subsequent to the Simm Debtors, individually or by and through their attorneys, informing Simm Associates, Inc. in writing that they were represented by legal counsel, and that Simm Associates must cease communicating directly with the Simm Debtors and direct further communications concerning the Simm Debtors to the Simm Debtors' attorneys.*

(The Simm Debtors comprising the Class are referred to herein from time to time as the "Class Members.")

The Class period begins one year to the filing of this action.

23. The Class is so numerous that joinder of all Class Members is impractical. Defendant routinely contacted Class Members directly subsequent to the Class Members, individually or by and through their attorney, informing

**CLASS ACTION COMPLAINT AGAINST SIMM ASSOCIATES, INC.**

Defendant SAI that they were represented by legal counsel, and that SAI must cease communicating directly with the Class Members and direct further communications concerning the Class Members to the Class Members' attorneys. Upon information and belief, Defendant SAI routinely and deliberately engages in the type of conduct set forth in this Complaint in an effort to drive and intimidate least sophisticated consumers, such as Plaintiff, into making payments to Defendant.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members. The common questions of law and fact are whether the direct communications by Defendant SAI to Class Members after Class Members have informed Defendant SAI in writing that they have retained counsel to represent them, and that SAI must cease communicating directly with the Class Members and direct further communications concerning the Class Members to the Class Members' attorneys, violate pertinent sections of the FDCPA.

25. Plaintiff's claims are typical of those individuals within the Class, as Plaintiff and the other Class Members are victims of the same pattern of conduct by Defendant SAI, namely, SAI contacting the Class Members directly after these Class Members have informed SAI in writing that they have retained counsel to represent them, and that SAI must cease communicating directly with the Class Members and direct further communications concerning the Class Members to the Class Members' attorneys. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have any interest that is antagonistic to the Class Members she seeks to represent.

26. The Plaintiff will fairly and adequately protect the interest of the Class Members as she prosecutes her own individual claims. Plaintiff has retained counsel experienced in class actions as well as the handling of FDCPA actions.

Neither Plaintiff nor her counsel has any interests antagonistic to the Class Members or which might cause them not to vigorously pursue this action.

27. Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests of the Class Members in individually controlling the prosecution and defense of separate actions is minimal, in that the Class Members are unlikely to be aware their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing this class action are substantially less than those that are involved in other types of cases routinely certified.

## COUNT 1: FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## (BY PLAINTIFF AND THE CLASS AGAINST DEFENDANT SAI)

28. The above paragraphs 1 through 27 are incorporated herein.

29. This is an action seeking class wide relief for Defendant's pattern and practice of contacting Plaintiff and the Class Members directly after Plaintiff and the Class Members have informed Defendant SAI in writing that they have retained legal counsel to represent them, and that SAI must cease communicating directly with the Class Members and direct further communications concerning the Class Members to the Class Members' attorneys.

30. In this case, Defendant SAI attempted to contact Plaintiff and the Class Members directly after Plaintiff and the Class Members informed Defendant SAI in writing that they had retained legal counsel to represent them, and that SAI must cease communicating directly with the Class Members and direct further communications concerning the Class Members to the Class Members' attorneys.

31. Defendant SAI had no legal or commercial right to contact Plaintiff and the Class Members directly after Plaintiff and the Class Members informed Defendant SAI in writing that they had retained legal counsel to represent them, and that SAI must cease communicating directly with the Class Members and direct further communications concerning the Class Members to the Class Members' attorneys.

32. At all material times herein, Plaintiff's debt and the debts of the Class Members were consumer debts as defined by the FDCPA, 15 U.S.C. § 1692a(5).

33. At all material times herein, Plaintiff and the Nationwide Class Members were "consumers", as defined by the FDCPA, 15 U.S.C. § 1692a(3).

34. At all material times herein, Defendant was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), as SAI began servicing the accounts of Plaintiff and the Class Members after Plaintiff and the Class Members were in default.

35. At all material times herein, Defendant knew or should have known that its attempts to contact Plaintiff and the Class Members directly after Plaintiff and the Class Members informed Defendant SAI in writing that they had retained legal counsel to represent them, and that SAI must cease communicating directly with the Class Members and direct further communications concerning the Class Members to the Class Members' Attorneys, violated the FDCPA.

36. Through its conduct described herein, Defendant SAI violated the following sections of the FDCPA:

(a) 15 U.S.C. § 1692c(a)(2), which prohibits debt collectors, "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction", from "communicat[ing] with a consumer in connection with the collection

of any debt" if "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communications with the consumer"; . . . (At no time did Ms. ROSCOE's attorneys fail to respond within a reasonable period of time to a communication from Defendant SAI; nor did Ms. ROSCOE's attorneys at any time consent to direct communication by SAI with Ms. ROSCOE.);

(b) 15 U.S.C. § 1692e which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt";

(c) 15 U.S.C. § 1692e(10) which prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"; and

(d) 15 U.S.C. § 1692f which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and the Class Members have been harmed, including, but not limited to, suffering actual damages in the form of harassment and humiliation and money damages. Plaintiff and the Class Members are also entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B), and attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff LEAH ROSCOE requests that the Court enter judgment in favor of herself and the Class she seeks to represent against Defendant SIMM ASSOCIATES, INC., a Delaware corporation, for:

- A. Certification of this matter to proceed as a class action;
- B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- D. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3); and
- E. Such other and further relief as the Court deems just and proper.

DATED: March 15, 2018 **GUSTAFSON NICOLAI pc**

*s/ Adam C. Nicolai*
By: _____
John Ryan Gustafson
Adam C. Nicolai

*Attorneys for Plaintiff, Leah Roscoe,*
*an individual, on behalf of herself*
*and all others similarly situated*

/ / /
/ / /
/ / /

## DEMAND FOR JURY TRIAL

Plaintiff LEAH ROSCOE, an individual, on behalf of herself and all others similarly situated, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: March 15, 2018          **GUSTAFSON NICOLAI pc**

*s/ Adam C. Nicolai*
By: _____
   John Ryan Gustafson
   Adam C. Nicolai

*Attorneys for Plaintiff, Leah Roscoe, an individual, on behalf of herself and all others similarly situated*